# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3340

_____

Jhohanes Swandy,                           *
                                           *
              Petitioner,                   *
                                           *   Petition for Review of an
       v.                                   *   Order of the Board of
                                           *   Immigration Appeals.
                                           *
Alberto Gonzales, Attorney General         *
of the United States of America,           *   [UNPUBLISHED]
                                           *
              Respondent.                   *

_____

Submitted: November 6, 2006
    Filed: December 1, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Indonesian citizen Jhohanes Swandy petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] Having carefully reviewed the record, we deny the petition. See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review).

_____

[1]Swandy has waived his CAT claim. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (petitioner waived claim by not presenting meaningful argument on it in his opening brief).

We agree with the BIA that Swandy did not establish eligibility for asylum or withholding of removal because he failed to meet the standard set forth in <u>Ngure v. Ashcroft</u>, 367 F.3d 975 (8th Cir. 2004), for establishing that there exists a pattern or practice of persecuting Chinese Christians in Indonesia. <u>See</u> <u>id.</u> at 991 (asylum seeker must show persecution that is "systemic, pervasive, and organized"). In recent opinions, this court has denied petitions for review from Indonesian Chinese Christians seeking withholding of removal (their asylum claims were untimely) based on evidence similar to that presented here. <u>See</u> <u>Tolego v. Gonzales</u>, 452 F.3d 763, 766-67 (8th Cir. 2006) (rejecting contention that record established pattern or practice of persecution; State Department reports from 2003 and 2004 show that violence against Indonesian Chinese Christians has declined and cooperation between religious groups has increased, and nothing in record demonstrated that government officials engaged or acquiesced in pattern or practice of persecution); <u>Wijono v. Gonzales</u>, 439 F.3d 868, 873-74 (8th Cir. 2006) (it was clear from record--including 2001 State Department report--that violence against Chinese Christians persisted in Indonesia, but it could not be said that such violence necessarily constituted pattern or practice of persecution, as, inter alia, attacks on Christians were perpetrated by Muslim extremists and did not result from government action or acquiescence, and attacks were geographically isolated).

Accordingly, we deny Swandy's petition for judicial review.

_____